**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10057
Summary Calendar

MARK ANTHONY WINSTON,

Plaintiff-Appellant,

VERSUS

LARRY W. BARAKA,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-2629-H)

(April 7, 1995)

Before JONES, BARKSDALE and BENAVIDES, CIRCUIT JUDGES.

PER CURIAM:[*]

Appellant, Mark Anthony Winston ("Winston"), a Texas state prisoner, appeals the dismissal of his civil rights suit. The district court dismissed his complaint with prejudice pursuant to 28 U.S.C. § 1915 (d) because it found that the complaint lacked an arguable basis in law or in fact. Because Winston's claim is based

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

on an indisputably meritless legal theory, we affirm.

In the district court, Winston alleged that, although a jury found him guilty of aggravated robbery, the trial judge, Judge Pat McDowell, failed to make an affirmative finding that Winston used and exhibited a deadly weapon. Defendant/Appellee, Larry W. Baraka ("Judge Baraka"), however, sitting for Judge McDowell, signed the judgment and entered such a finding, even though no affirmative finding had been made by Judge McDowell. Thus, Winston alleged, Judge Baraka "entered a finding antagonistic to the punishment verdict and the docket sheet." Winston requested monetary damages for the alleged constitutional violation.

Texas law provides that a district court judge may hear and determine a matter pending in any district court and authorizes such district judge to sign a judgment or order in any such court. Texas Government Code Ann. § 74.094(a) (West 1988). The judgment or order is valid and binding as if the case were pending in the court of the judge who acts in the matter. Id. Accordingly, there was no clear absence of jurisdiction in Judge Baraka's signing of the judgment containing the use of a deadly weapon finding. Thus, even if Judge Baraka's complained of action was in error, done maliciously or was in excess of authority, he would not be deprived of his judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356-357 (1978). Because Judge Baraka is entitled to judicial immunity, Winston's claim is based upon an indisputably meritless legal theory. The district court properly dismissed the complaint with

-2-

prejudice.

**AFFIRMED.**